## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**THOMAS BORN,** *on behalf of himself and former and current similarly situated employees of Suburban Disposal, Inc., a/k/a Roselle Garbage Disposal, Roselle Waste Management, Roselle Sanitation, and John Roselle, Individually,*

      Plaintiff,

vs.

**SUBURBAN DISPOSAL, INC., a/k/a ROSELLE GARBAGE DISPOSAL, ROSELLE WASTE MANAGEMENT, ROSELLE SANITATION, AND JOHN ROSELLE, INDIVIDUALLY,**

      Defendants.

Civil Action No.:

### CLASS AND COLLECTIVE ACTION COMPLAINT

**Jury Trial Demanded**

Plaintiff THOMAS BORN ("Plaintiff" or "BORN"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, SUBURBAN DISPOSAL, INC., a/k/a ROSELLE GARBAGE DISPOSAL, ROSELLE WASTE MANAGEMENT, ROSELLE SANITATION, ("Suburban Disposal") AND JOHN ROSELLE, INDIVIDUALLY ("Roselle") (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.      Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of himself and all other persons similarly situated – non-exempt truck drivers- who suffered damages for damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and Defendants' violations of the NJWHL pursuant to the class action provisions of Fed.R.Civ.Pro., Rule 23.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.      This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      At all times material hereto, Plaintiff performed non-exempt truck driver duties for the Defendants throughout Northern New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7.      At all times pertinent to this Complaint, the Defendant, Suburban Disposal, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  Suburban Disposal is in the business of waste removal, for both commercial and residential properties. The removal of such waste material is closely related and directly essential to the production of such goods.

8.      Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to

produce an end product for Defendants' consumers and further removing waste so as to enable Defendants' consumers to produce goods to move through interstate commerce.   Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

9.     Plaintiff Born is an adult individual who is a resident of Sussex County, New Jersey.

10.     Plaintiff Born is employed by Defendants full time as a non-exempt truck driver, commencing his employment on or about July 16, 2017.  Plaintiff worked more than forty (40) hours per week until January 23, 2018.

11.     Upon information and belief, the Defendants are the leading waste management company in New Jersey, servicing residential and commercial properties, throughout the state.

12.     Upon information and belief, the Defendants' headquarters are located in Fairfield, Essex County, New Jersey. Defendants have additional locations throughout the state in Patterson, Passaic County, East Orange, Essex County, and Aberdeen, Monmouth County, New Jersey.

13.     Upon information and belief, at all times relevant to this complaint, Defendants operate approximately 300 trucks per day in further performance of the waste removal business.

13.     Upon information and belief, at all times relevant to this Complaint, the Defendant, Suburban Disposal, employs individuals to perform labor services on behalf of the Defendants.

14.     Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

15.     At all times relevant to this Complaint, the Defendant Suburban Disposal is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

16.     Upon information and belief, Defendant John Roselle is a New Jersey state resident.

17.     Upon information and belief, at all times relevant to this Complaint, individual Defendant John Roselle has been an owner, partner, officer and/or manager of Suburban Disposal.

18.     Upon information and belief, at all times relevant to this Complaint, individual Defendant John Roselle has had power over personnel decisions at Suburban Disposal, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## CLASS AND COLLECTIVE ALLEGATIONS

19.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

20.     This action is brought on behalf of Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendants.

21.     The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times

the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

22.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 500 employees.  In addition, the names of all potential members of the putative class are not known.

23.     The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages.  The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

24.     Upon information and belief, Defendants uniformly applies the same employment policies, practices, and procedures to all employees who work at the Defendants'  locations.

25.     The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.  The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants.  Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

27.     This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

28.     Plaintiff's claims under the NJWHL are properly maintainable as a class action

under Rule 23 of the Federal Rules of Civil Procedure.

29.     A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

30.     Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all overtime hours he worked in a work week.

31.      Plaintiff Born was paid approximately $21.00 per hour.

32.     Plaintiff Born worked five (5) to six (6) days per week.

33.     Plaintiff Born routinely worked more than fifty (50) hours per workweek, from approximately 4:30 a.m. until approximately 3:00 p.m.

34.     Upon information and belief, Plaintiff Born was not compensated properly for the time that he spent each and every morning prior to clocking into his shift.

35.     More specifically, Plaintiff spent approximately twenty (20) to forty (40) minutes each and every morning at Defendants' Fairfield location, warming up his truck, performing a pre—trip inspection of his truck, waiting for a helper to arrive and/or be assigned, and waiting for a route to be assigned, before being permitted to clock into work and begin getting paid. During this time period, Plaintiff was not authorized to leave Defendants' premises.

36.     The tasks performed by Plaintiff prior to being authorized to punch the clock were an integral and indispensable part of the principal activities for which Plaintiff Born was employed by Defendants.

37.     The activities performed by Plaintiff for this pre-shift work, for which he was not paid, were performed for the benefit of and on behalf of Defendants.

38.     Defendants were aware of Plaintiff's pre-shift work and benefited from same.

39.     Upon information and belief, employees similarly situated to Plaintiff Born were also compensated improperly, for the daily pre-shift work and required wait time.

40.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

41.     At all times material hereto, Plaintiff Born and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendants.

42.     This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff  and all other current and former employees similarly situated during the material time.

43.     The records, if any, concerning the number of hours worked by Plaintiff Born and all other similarly situated employees, are in the possession and custody of Defendants.

44.     The records, if any, concerning the compensation actually paid to Plaintiff Born and all other similarly situated employees, are in the possession and custody of Defendants.

45.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff Born performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff Born and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

46. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt truck drivers who were not properly compensated for those pre- shift hours worked in excess of forty (40) hours in one or more work periods, on or after June 7, 2015.

47. Plaintiff Born has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff Born is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

48. Plaintiff Born re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 47 above.

49. Plaintiff Born is entitled to be paid additional compensation for each overtime hour worked per work period.

50. Defendants knowingly and willfully failed to pay Plaintiff Born at time and one half of his regular rate of pay for all of his overtime lunch hours worked in a work period.

51. All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

52. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff Born and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

53. As a result of Defendants' willful violations of the Act, Plaintiff Born and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

54.     Plaintiff Born re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 53 above.

55.     Defendants' aforementioned conduct is in violation of the NJWHL.

56.     As a direct and proximate cause of Defendants' actions, Plaintiff Born and those similarly situated employees suffered damages, including but not limited to past, lost earnings.

## JURY TRIAL

57.     Plaintiff Born and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, THOMAS BORN, and those similarly situated employees, demand judgment, against Defendants SUBURBAN DISPOSAL, INC., a/k/a ROSELLE GARBAGE DISPOSAL, ROSELLE WASTE MANAGEMENT, ROSELLE SANITATION and JOHN ROSELLE, INDIVIDUALLY,  for  the payment of compensation for all hours due them and overtime hours due them, for their pre-shift work and wait time required of them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.


Dated: June 7, 2018                          Respectfully submitted,

                                             /s Andrew I. Glenn
                                             Andrew I. Glenn
                                             E-mail: AGlenn@JaffeGlenn.com
                                             New Jersey Bar No.: 026491992
                                             Jodi J. Jaffe
                                             E-mail: JJaffe@JaffeGlenn.com
                                             New Jersey Bar No.: 022351993
                                             **JAFFE GLENN LAW GROUP, P.A.**
                                             301 N. Harrison Street, Suite 9F, #306

Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*